It appears to me that the two acts of 1796 and 1820 are constructed upon principles and intended to suppress acts so different from each other that the last would of itself have operated a repeal of the first upon the (430) rule leges posteriores, etc. An action under the first statute must be brought within a year from the time the removal came to the knowledge of the plaintiffs. An action under the law of 1820 must be brought within three years from the time of removal. If then an action is brought under the first law, upon the supposition that it is not repealed, and the limitation of the second act is applied because the offense was committed after it, and the plaintiff is able to prove a fraudulent removal, it follows that the defendant may be liable after the period when he stood acquitted by the first act. The effect of this construction is to give a highly penal law a retrospective force, for a person who removed a debtor, with whatever intention, is not liable at all under the act of 1796, provided advertisements were duly made; yet if by superadding a fraudulent intent he could be made liable, and be then relieved upon the limitation of the first law, he would be repelled by the answer that the act described in the declaration was not the one which the law of 1796 had barred within *Page 239 
a year. I cannot perceive what necessity there was for declaring on the act of 1796, when the wrong complained of was committed after the enactment of that of 1820.
Whatever doubt, however, there might be as to the consistency of these two laws, if that were the sole question, and if in obedience to the advice of Lord Coke in Foster's case the statutes ought not to be abrogated by any constrained construction out of the general and ambiguous words of a subsequent statute, but that it is "to be maintained with a benign and favorable construction," these two laws could stand together; yet when the latter was made expressly to repeal the former, and does repeal it in so many words, I feel myself directed by the legislative will, and in adjudging the act of 1796 to be repealed, that I am traveling over the "ancient highways" of the law. (431)